# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DESMOND EASLEY,**
      **Plaintiff,**

    v.                              Case No. 06C0713

**GRAND HAVEN APARTMENTS,**
**GREGORY RISE,**
**ROBERT SCHMIDT, JR., and**
**DANE PANGALLO,**
      **Defendants.**

---

## ORDER

Plaintiff Desmond Easley, a pro se litigant, brings this action alleging that defendants unlawfully discriminated against him. Before me are plaintiff's motion for default judgment against Grand Haven Apartments and motion to appoint counsel.

### I. MOTION FOR DEFAULT JUDGMENT

Defendant Grand Haven Apartments was served with plaintiff's complaint on July 24, 2006, and thus had under September 22, 2006, to file an answer or motion under Fed. R. Civ. P. 12. Grand Haven Apartments filed a motion to dismiss under Rule 12(b)(6) on September 20, 2006. As such, plaintiff's motion for default judgment is meritless.

### II. MOTION TO APPOINT COUNSEL

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States District Court, 490

U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under §1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, plaintiff has not provided evidence that he meets the threshold requirement that he attempt to obtain legal counsel on his own. However, even if had done so, the issues in this case appear at this stage to be straightforward and plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the presence of counsel is unlikely to make a difference in the outcome of this case and plaintiff's motion will be denied.

## III.  TIME LIMIT FOR SERVICE

Finally, I note that I granted plaintiff's motion to proceed in forma pauperis on July 21, 2006.  Thus, under Fed. R. Civ. P. 4(m), each defendant should have been served with his complaint by November 18, 2006, absent good cause for delay.  On September 6, 2006, summonses were returned unexecuted as to defendants Gregory Rise and Dane Pangallo because such defendants were no longer employed at the Grand Haven Apartments and could not be found there.  To date, such defendants have not been served.  I will grant plaintiff an additional 20 days to notify the clerk of court of an address (or addresses) at which the U.S. Marshals Service may effectuate service on defendants Rise and Pangello.  If plaintiff fails to file a correct address for service of such defendants within 20 days, I will dismiss such defendants from this case.

Therefore,

**IT IS ORDERED** that plaintiff's motion for default judgment is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

**IT IS ALSO ORDERED** that within 20 days plaintiff notify the clerk of court of an address (or addresses) at which defendants Rise and Pangello may be properly served if plaintiff wishes to prevent the dismissal of such defendants from this case.

Dated at Milwaukee, Wisconsin this 20 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge