# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DESMOND EASLEY,

    Plaintiff,

    v.                                           Case No. 06-C-0713

GRAND HAVEN APTS and
ROBERT SCHMIDT, JR.,

    Defendants.

## ORDER

## NATURE OF CASE

The plaintiff, Desmond Easley, who is proceeding pro se, filed this action on June 23, 2006, against defendants Grand Haven Apartments, Robert Schmidt, Jr., Gregory Rise and Dane Pangallo. On July 11, 2006, United States District Judge Lynn Adelman, to whom this case was randomly assigned, granted the plaintiff leave to proceed in forma pauperis and granted his motion to file an amended complaint. By order of February 1, 2007, Judge Adelman dismissed defendants Pangallo and Rise for failure to effectuate service on them. Subsequently, this case was assigned to this court based upon the consent of the parties pursuant to 28 U.S.C. §636(c) and General Local Rule 73.1 (E.D. Wis.).

The remaining defendants, Grand Haven Apartments and Robert Schmidt, have filed a motion to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendants' motion to dismiss is fully briefed and will be addressed herein.

## **MOTION TO DISMISS**

A motion pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint and requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. Christensen v. County of Boone, Ill., Case No. 04-4162, Slip Op. at 4 (7th Cir. March 21, 2007). Under the notice pleading requirements of the federal procedural rules, the plaintiffs' complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also, Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). In Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7th Cir. 2006), the court explained: "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary."

The well-pleaded allegations in the plaintiff's complaint must be taken as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996); Janowsky v. United States, 913 F.2d 393, 395 (7th Cir. 1990). Such allegations must be viewed in the light most favorable to plaintiff. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996); Travel All Over the World, Inc.,73 F.3d at 1428. Moreover, pro se pleadings must be given a liberal construction. Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir. 1990). A pro se complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957); Hughes v. Rowe, 449 U.S. 5, 11 (1980); Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989).

In the case, the plaintiff states in his amended complaint that on July 30, 2005, he was harassed, assaulted and his life was threatened by Dane Pangallo, the caretaker at Grand Haven Apartments. It appears that defendant Schmidt is an employee of Grand Haven Apartments. The plaintiff asserts that the defendants violated Title VII by unlawfully retaliating against him for filing a complaint with the Equal Employment Opportunity Commission (EEOC).

The plaintiff states that he called the police in response to Mr. Pangallo's conduct and that when they arrived, he told them that Mr. Pangallo, who was drunk, had followed him and his mother around the block and harassed him. The plaintiff also told the officers that he was being subjected to retaliation for filing a complaint with the EEOC against Grand Haven Apartments because of the treatment his mother was receiving.[1] The plaintiff states that the police officers, who are not identified, would not listen to him. He further states that he was arrested for trespassing and criminal disorderly conduct based on the actions of the management of Grand Haven Apartment. The plaintiff asserts that he was never told to stay off the property, nor was a restraining order issued against him.

The plaintiff asserts three claims: 1) retaliation for filing an EEOC complaint against defendant Grand Haven Apartments in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.; 2) false arrest in violation of his constitutionally protected rights under 42 U.S.C. §1983; and 3) a violation of 42 U.S.C. §1985.

---

[1] The amended complaint does not specifically state what relationship the plaintiff or his mother had to Grand Haven Apartments, although it appears that she was a resident of the apartment complex.

- 3 -

In moving to dismiss the complaint, the defendants assert that the plaintiff has failed to allege facts to show or suggest that he has a viable claim for relief under either Title VII, 42 U.S.C. §1983, or 42 U.S.C. §1985. With respect to the plaintiff's Title VII claim, the defendants assert that the plaintiff has not alleged the required existence of an employment relationship. The defendants also maintain that the plaintiff has not alleged that he made a charge of employment discrimination or that he exhausted his administrative remedies before filing this suit. The defendants note that the plaintiff has not produced a right to sue letter from the EEOC.

In maintaining that the plaintiff has failed to state a claim under 42 U.S.C. §1985, the defendants assert that the plaintiff has not alleged a conspiracy under §1985(3), nor has he alleged any acts in furtherance of a conspiracy. They further maintain that the plaintiff has failed to allege facts to support a claim under 42 U.S.C. §1983. The defendants claim that the plaintiff's complaint is devoid of facts regarding material elements of all of his asserted claims and, as a result, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

In opposing the motion, the plaintiff's reiterates that the defendants had him falsely arrested after harassing him. The plaintiff states that he has sufficiently alleged a civil rights claim under 42 U.S.C. §1983 and 42 U.S.C. §1985 under the court's liberal pleading standards. The plaintiff did not address his Title VII claim.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex,

- 4 -

Case 2:06-cv-00713-PJG   Filed 04/20/07   Page 4 of 7   Document 25

religion or natural origin." 42 U.S.C. § 2000e-2(a)(1).[2] In this case, there is no indication that either the plaintiff or his mother was employed by Grand Haven Apartments, nor does the plaintiff allege that he or his mother is a member of a protected class as defined in the statute. Moreover, the plaintiff does not allege any retaliation based on an employment relationship.

Therefore, despite construing the plaintiff's complaint liberally as this court must at this stage of the proceedings, the court concludes that the plaintiff has failed to state a claim under Title VII. Accordingly, the plaintiff's Title VII claim will be dismissed.

The plaintiff also asserts a claim under 42 U.S.C. §1985, although he does not delineate the particular subsection of that statute. It appears that the plaintiff's claim is properly construed as arising under §1985(3).[3] To establish a claim for civil conspiracy under §1985(3), a plaintiff must demonstrate 1) the existence of a conspiracy, 2) a purpose of depriving a person or class of persons of equal protection of the laws, 3) an act in furtherance of a conspiracy, and 4) an injury to person or property or a deprivation of a right or privilege granted to United States citizens. Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002); Hernandez v. Joliet Police Dept., 197 F.3d 256, 263 (7th Cir. 1999). The plaintiff also must show "some racial, or otherwise class-based invidiously discriminatory animus behind the conspirators' actions, and that the conspiracy aimed at interfering with rights that are protected

---

[2] Title VII provides that an employer under Title VII, "must be a person engaging in an industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. 2000e(b). Furthermore, an employee for the purposes of Title VII is an, "individual employed by an employer . . . ." 42 U.S.C. 2000e(f).

[3] For a claim to be viable under 42 U.S.C. §1985(1), there must be an allegation of a "conspiracy to prevent a public official from discharging official duties." Hossman v. Blunk, 784 F.2d 793, 797 (7th Cir. 1986). Section 1985(2) prohibits conspiracies to obstruct justice by intimidating or threatening any party, witness or juror in a proceeding in any court of the United States.

- 5 -

against private, as well as official, encroachment." Benden, 281 F.3d at 665; Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 311 (7th Cir. 1996).

The plaintiff's complaint does not allege any facts indicating the existence of a conspiracy involving the defendants. Moreover, there is also no indication that the plaintiff was discriminated against by the defendants because of the plaintiff's race or other class-based discriminatory motives. Therefore, despite construing the plaintiff's complaint liberally, the court concludes that that complaint fails to state an arguable claim under §1985(3). Accordingly, the defendants motion to dismiss this claim will be granted.

The plaintiff also states that his rights under 42 U.S.C. §1983 were violated. That section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To the extent that the plaintiff is stating a claim for violation of his civil rights under §1983, he must establish that: 1) he held a constitutionally protected right, 2) he was deprived of this right in violation of the constitution, 3) the defendants intentionally caused this deprivation, and 4) the defendants acted under color of [state] law. Larsen v. City of Beloit, 130 F.3d 1278, 1282 (7th Cir. 1997); see also, McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir. 1993) (citing Patrick v. Jasper County, 901 F.2d 561, 565 [7th Cir. 1990]).

In this case, the plaintiff only has named Grand View Apartments and Mr. Schmidt as defendants. None of the police officers involved in his arrest are named as defendants. Thus, the plaintiff has failed to establish that the defendants acted under of color of law as required

to set forth a claim under §1983. Therefore, the plaintiff's complaint fails to state a §1983 claim.

In sum, for the reasons stated herein, the plaintiff's claims based on Title VII, 42 U.S.C. §2000e et seq., as amended, and his civil rights claims under 42 U.S.C. §1985(3) and §1983 will be dismissed for failure to state a claim.

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to dismiss the plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) be and hereby is **granted**. (Docket #14).

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this ____ day of April, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge